Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3300 | **DATE** | 7/16/2002 |
| **CASE TITLE** | United States of America vs. Jose De Jesus Vidrio (00 CR 384) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny Vidrio's motion to vacate, set aside, or correct his sentence.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 17 2002 date docketed | |
| ✓ | Docketing to mail notices. | | 6 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

02 JUL 16 AM 8:35
U.S. DISTRICT COURT
CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Respondent, | ) | |
| | ) | 02 C 3300 |
| vs. | ) | |
| | ) | 00 CR 384 |
| JOSÉ DE JESUS VIDRIO, | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief Judge:

This matter comes before the court on Petitioner José de Jesus Vidrio's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is denied.

## BACKGROUND

In September 2000, Vidrio stood trial for conspiracy to possess with intent to distribute marijuana and attempting to possess with intent to distribute marijuana. The indictment charged Vidrio with involvement in three shipments of marijuana from California to Chicago. Vidrio was arrested with two of his conspirators, Gerardo Resendez and Nicolas Moreno, in the course of completing the third shipment, which Vidrio stipulated at trial consisted of 561 kg of the drug. Although Vidrio never made

any concessions as to the size of the other two shipments, Resendez estimated that they were approximately as large as the third.

During the jury instruction conference, Vidrio's counsel argued that the quantity of marijuana involved was not an issue that should be put before the jury. Instead, he left the determination of the amount of drugs involved to the court at the time of sentencing. The presentence report prepared for Vidrio included the first two shipments as relevant conduct for consideration in setting the proper guideline range; the total amount of marijuana thus fell between 1000 and 3000 kilograms. Vidrio challenged this calculation as violative of the Supreme Court's ruling in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), contending that the court could not take into account any amount of drugs that was not the subject of either a stipulation or a jury finding. Concluding that defense counsel's statements during the jury instruction conference waived any Apprendi-based argument founded on the amount of drugs, this court rejected Vidrio's argument, adopted the guideline calculation given in the presentence report, and sentenced Vidrio to 121 months, the low end of the guideline range.

Vidrio appealed his sentence, arguing again that it was in violation of Apprendi. United States v. Vidrio, 26 Fed. Appx. 565, 2001 WL 1646777 (7th Cir. 2001). The appellate court disagreed and affirmed the sentence, holding that Vidrio had waived any Apprendi objection and, in any event, because the sentence Vidrio received was well

below the 40-year maximum for the offense with which he was charged, Apprendi's holding was not implicated. Id. at 568-69.

## DISCUSSION

Vidrio now advocates that his sentence should be vacated on three grounds. Two are based on the premise that this court's actions during sentencing were in violation of Apprendi; the third claims that defense counsel's actions during and after the trial amounted to ineffective assistance.

Normally, an issue not raised on direct appeal may not be reviewed collaterally. Fountain v. United States, 211 F.3d 429, 433 (7th Cir. 2000). Because the Seventh Circuit has already addressed Vidrio's Apprendi arguments on direct appeal, he may not launch another volley of attacks with a different procedural vehicle. In addition, no matter how many times Vidrio argues that Apprendi dictates a different outcome in this case, he cannot change the fact that the amount of his sentence is well below the 40-year maximum set by the statute. Simply put, Apprendi has no relevance or application to Vidrio's case. United States v. Hill, 252 F.3d 919, 921 (7th Cir. 2001).

Vidrio's second argument, that the court was required at sentencing to find the quantity of drugs was shown beyond a reasonable doubt rather than by a preponderance of the evidence, is simply wrong. Brannigan v. United States, 249 F.3d 584, 587 (7th Cir. 2001). Relevant conduct considered for sentencing purposes is decided under a

preponderance standard, and nothing in the holding of Apprendi increases the burden of persuasion that applies to facts pertinent to sentencing. Id.; United States v. Gilliam, 255 F.3d 428, 436 (7th Cir. 2001).

Vidrio's third claim, ineffective assistance of counsel, was not raised on direct appeal. Constitutional errors that are not presented on appeal can be raised in a § 2255 motion if the petitioner can show good cause existed for the failure to raise the issue and actual prejudice resulted, or if the refusal to consider the claims would effect a fundamental miscarriage of justice. United States v. Lane, 267 F.3d 715, 721 (7th Cir. 2001); McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). If a petitioner fails to make a sufficient showing of these factors, the claim is deemed waived. Lane, 267 F.3d at 721. Vidrio has not offered any basis on which we could conclude that his failure to present this argument to the court of appeals falls within the exceptions to the waiver rule.

Moreover, even if Vidrio had convinced us that he did not waive his right to argue ineffective assistance of counsel, the claimed deficiencies in his attorney's performance do not amount to ineffective assistance of counsel. To qualify as ineffective assistance, an attorney's performance must not only be deficient but also must result in prejudice to the defendant. To make a sufficient showing on the prejudice prong, the defendant must show a reasonable probability that but for counsel's

shortcomings, the proceeding would have had a different result. United States v. Traeger, 289 F.3d 461, 470 (7th Cir. 2002). A record that is silent as to an attorney's rationale coupled with a defendant's speculation that a different outcome was possible will not displace the heavy presumption that counsel made reasonable tactical decisions in carrying out his or her representation. Id. at 471. Vidrio has provided nothing more than that and therefore has not shown his counsel's actions would warrant relief under § 2255.

## CONCLUSION

Based on the foregoing, we deny Vidrio's motion to vacate, set aside, or correct his sentence.

_____
Charles P. Kocoras Chief Judge
United States District Court

Dated:   July 16, 2002